IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | |
| Miramar Townhomes SWNG 2 | § | Jointly Administered |
| LLC *et al.*, | § | |
| | § | Under Case No. 24-90608 |
| Debtors.[1] | § | (Complex Chapter 11) |
| | § | |

**RESPONSE TO MOTION FOR ENTRY OF ORDER**
**REGARDING DISPOSITION OF FUNDS HELD BY COUNSEL**

Fannie Mae ("**Fannie Mae**") hereby files this response in opposition to the *Motion for Entry of Order Regarding Disposition of Funds Held by Counsel* [Dkt. No. 472] ("**Motion**") filed by Haselden Farrow, PLLC ("**Debtors' Counsel**") in its capacity as former counsel to the above-captioned former debtors and debtors in possession (the "**Debtors**") in these dismissed chapter 11 cases, and respectfully states as follows:

## I.
## PRELIMINARY STATEMENT

1. In the Motion, Debtors' Counsel relates that they continue to hold the sum of $115,950.00 in their IOLTA trust account, which funds (the "**Disputed Funds**") were remitted by the Debtors over the course of the chapter 11 cases. Motion at 3. In the prayer for relief, the Motion purports to seek "only neutral guidance from the Court regarding the disposition of the Disputed Funds," and explicitly did *not* request "adjudication of lien priority, validity, or the allowance of professional fees." Motion at 5.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number were Miramar Townhomes SWNG 2 LLC (2999), Case No. 24-90608, Avenue SWNG TIC 1, LLC (8298), Case No. 24-90609, Avenue SWNG TIC 2, LLC (9034), Case No. 24-90610, and Toro Place LLC (5958), Case No. 24-90611. The location of the Debtors' service address is 183 Wilson St., Suite 358, Brooklyn, NY 11211.

Page 1

2. The Motion was accompanied by *three* proposed orders providing, alternatively, for the Disputed Funds to be disbursed to Fannie Mae, to the Debtors, or to the Court registry. On that basis, Fannie Mae anticipated that Debtors' Counsel would request a hearing or status conference to elicit the requested "neutral guidance" and determine next steps. Fannie Mae was therefore surprised by the filing of a *Certificate of No Objection* [Dkt. No. 473] earlier today, and files this response to affirmatively state its position in respect of the Motion.

## II.
## RESPONSE

3. Fannie Mae respectfully submits that the Disputed Funds comprise cash collateral encumbered by Fannie Mae's undisputed prepetition mortgage and postpetition replacement liens that should have been remitted to it during the cases as part of the adequate protection payments required under the series of interim cash collateral orders entered in the course of these chapter 11 cases.

4. Fannie Mae's prepetition claims and the liens encumbering the Debtors' properties, including rents generated from those properties, are well known to this Court. *See, e.g.*, Dkt. No. 69 (summarizing Fannie Mae's prepetition claims and liens). In addition, Fannie Mae timely filed a proof of claim against each of the three Debtors asserting a secured claim arising from the prepetition loan and security agreements memorializing the Debtors' obligations to Fannie Mae. Those claims were not objected to at any point during the chapter 11 cases and, indeed, were intended to be fully conceded and reinstated under the chapter 11 plan that was confirmed by the Court earlier in these cases. *See* Dkt. No. 443. Further, it has never been disputed in these cases that the rents generated from the Debtors' operations are Fannie Mae's cash collateral.

5. Based on the prepetition liens of Fannie Mae, the parties negotiated (and the Court approved) *nine* interim orders authorizing the use of cash collateral and granting Fannie Mae various rights and protections based upon its prepetition liens, including replacement liens on postpetition rents collected and adequate protection payments "equal to the amount by which such Debtor's remaining cash balance at the end of the prior calendar

month exceeded the following: $20,000.00 for the MTS2 Debtor; $40,000 for the AST1 Debtors and AST2 Debtors, collectively; and $40,000 for Toro Debtor." *See* Dkt. No. 459 at 6; *see also* Dkt. Nos. 78, 118, 145, 166, 215, 279, 347, 411 (same).

6. In March 2025, Fannie Mae discovered based on a review of the Debtors' monthly operating reports that funds were being transferred from the Debtors to Debtors' Counsel's IOLTA account in weekly installments to be held for application against future fee applications. Fannie Mae immediately filed a limited objection [Dkt. No. 203] to this activity on March 24, 2025, citing the lack of any carveout from Fannie Mae's liens for the payment of professional fees or any other order expressly authorizing such transfers. The Dispute Fund comprises funds transferred to Debtors' Counsel during this period, and in a hearing shortly following the filing of Fannie Mae's limited objection, the Court directed that such transfer activity stop.

7. Had the Disputed Funds remained in the Debtors' possession, they would *necessarily* have been periodically remitted to Fannie Mae as part of the Debtors' obligation to remit monthly adequate protection payments equal to the Debtors' residual monthly excess cash above the agreed thresholds set out in the various cash collateral orders. Indeed, the Debtors were *required* to remit such excess cash to Fannie Mae.

8. Fannie Mae respectfully states that the Disputed Fund is cash collateral that *should* have been disbursed to Fannie Mae during the course of the chapter 11 cases and—but for the improper remittance of such funds to the IOLTA account—*would* have been so disbursed. Accordingly, Fannie Mae strongly opposes the disbursement of the Disputed Fund to the Debtors. The Debtors have not challenged—indeed, have never challenged—the validity of Fannie Mae's prepetition claims and liens, and should not be permitted to achieve a windfall based on the wrongful diversion of funds from their repeatedly court-ordered adequate protection payment obligation.

WHEREFORE, Fannie Mae respectfully requests that the Court enter an order directing remittance of the Disputed Funds to Fannie Mae or, alternatively, setting a status conference or hearing for the parties to

determine further proceedings relating to this dispute, and grant Fannie Mae such other and further relief as the Court may deem just and proper.

Dated: February 26, 2026

                                      Respectfully submitted,

                                      **REED SMITH LLP**

                                      By: /s/     *Michael P. Cooley*
                                      Michael P. Cooley (SBN 24034388)
                                      2850 N. Harwood Street, Suite 1500
                                      Dallas, Texas 75201
                                      Telephone: (469) 680.4200
                                      Facsimile: (469) 680.4299
                                      mpcooley@reedsmith.com

                                      *Counsel to Fannie Mae*

## CERTIFICATE OF SERVICE

      I hereby certify that, on February 26, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System on all parties registered to receive electronic service in these cases.

                                      /s/ *Michael P. Cooley*
                                      Michael P. Cooley